## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| EDGAR ALBERTO GUZMAN-FARIAS, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | )    Case No.: 4:18-cv-00051-KOB-HNJ |
| v. | ) |
| | ) |
| U.S. ATTORNEY GENERAL OF | ) |
| AMERICA, | ) |
| | |

Respondent.

## <u>MEMORANDUM OPINION</u>

This case is before the court on Respondent's Motion to Dismiss as Moot, filed November 27, 2018. (Doc. 12). In the motion, Respondents note Petitioner was removed from the United States to Mexico on June 26, 2018. (Doc. 12-1, Pitman Decl.).

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

Petitioner filed this action seeking immediate release from ICE custody. (Doc. 1 at 26). Because Petitioner has been removed, the court can no longer provide meaningful relief. Thus, the Court finds that the petition for writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003). Accordingly, Respondent's Motion to Dismiss is due to be granted and the petition is due to be dismissed.

The court will enter a separate Final Order.

DONE and ORDERED this 12th day of December, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE